

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

ROBERT T. QUACKENBOSS
DIRECT DIAL: 202 • 955 • 1950
EMAIL: rquackenboss@HuntonAK.com

FILE NO: 054941.0000077

March 4, 2021

**Via ECF Filing**

The Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, New York, 10007-1312

Re:   <u>Letter Motion to Stay Discovery Pending Decision on Motion to Compel Arbitration</u>

Dear Judge Furman:

Defendant About, Inc. d/b/a/ Dotdash ("Dotdash") respectfully requests, pursuant to Federal Rules of Civil Procedure Rule 26(c), Local Rule 7.1(d), and the Court's Individual Rules of Practice, that the Court temporarily stay discovery in this matter pending the Court's decision on Dotdash's Motion to Compel Arbitration (ECF 9 to 12-2).  Specifically, Dotdash requests that the Court stay discovery—including the parties' Initial Discovery pursuant to the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Action—and only re-open discovery should the Court deny Dotdash's Motion to Compel Arbitration.  Dotdash conferred via email with counsel for Plaintiff regarding this proposed stay, but Plaintiff did not consent to the relief Dotdash hereby requests.

The relevant facts related to Dotdash's Letter Motion are as follows:

- The Court issued a Notice of Initial Pretrial Conference on January 12, 2021 (ECF 6), setting the Initial Pretrial Conference for April 22, 2021.  The parties have not yet exchanged their Initial Discovery/Disclosures.

- Dotdash made its first appearance in this matter by filing its Motion to Compel Arbitration on February 2, 2021 (ECF 9 to 12-2).

- On February 14, 2021, Plaintiff requested a two-week extension of time to respond to Dotdash's Motion (relief to which Dotdash consented) (ECF 14).  The Court granted Plaintiff's Letter Motion the next day (ECF 15).

- On March 2, 2021, Plaintiff filed her Opposition to Dotdash's Motion to Compel Arbitration (ECF 16 to 17-10).



The Hon. Jesse M. Furman
March 4, 2021
Page 2

- Dotdash's reply brief is due on March 9, 2021.

Good cause exists for such a stay. "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). A stay would be consistent with the purposes of arbitration and the Federal Arbitration Act; namely, to increase efficiency and cost-effectiveness. *See Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 190–91 (2d Cir. 1999) ("The popularity of arbitration rests in considerable part on its asserted efficiency and cost-effectiveness—characteristics said to be at odds with full-scale litigation in the courts, and especially at odds with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure.").

A stay would also be consistent with regular practice within district courts. *See, e.g., Al Thani*, 2021 WL 23312, at *2; *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); *see also Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16 Civ. 01607 (VAB), 2017 WL 11577923, at *2 (D. Conn. July 24, 2017) (While a stay of discovery pending the decision on a threshold arbitration issue is by no means automatic, it serves to help "prevent[ ] duplicative and inefficient litigation.").

Finally, because "under certain circumstances, a party that commences litigation may waive its right to arbitration," *Sweater Bee by Banff v. Manhattan Indus.*, 754 F.2d 457, 461 (2d Cir.), cert. denied, 474 U.S. 819 (1985), a stay can help ensure that a litigant is not deprived of its chosen forum. A stay of discovery in this matter would ensure that Dotdash is not deprived of the parties' choice of forum through its participation in discovery.

For all of the above reasons, and to ensure that the parties do not engage in costly discovery prior to the Court deciding whether to compel this matter to the parties' chosen forum, Dotdash respectfully requests that the Court issue a stay pending its decision on Dotdash's Motion to Compel Arbitration.

Sincerely,

Robert T. Quackenboss

cc:   Jason P. Brown
      Valdi Vicul