# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

March 8, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Letter Motion in Opposition to Stay Discovery Pending Decision on Motion to Compel Arbitration

Dear Judge Furman:

We represent Plaintiff Jackelyn Keller in the above-referenced action and write in opposition to Defendants' letter motion to stay discovery pending the Court's decision on Dotdash's motion to compel arbitration dated February 3, 2021. See Dkt. 12-2, 18.

As an initial matter, there is no good cause to stay discovery because Defendant is seeking to delay disclosures that will occur no matter the forum in which this matter proceeds. The information described in the Court's Initial Notice of Pretrial Conference (the "Initial Notice") would be equally relevant in an arbitration. Moreover, the Initial Notice did not mandate "broad-ranging discovery," Nat'l Broad. Co. v. Bear Stearns & Co., 165 F.3d 184, 190–91 (2d. Cir 1999), but only limited initial disclosures of core evidence.

Second, "the mere existence of a motion to compel arbitration is an insufficient basis to stay discovery." Kwik Ticket Inc. by Shamah v. Spiewak, No. 20 Civ. 01201 (FB) (SJB), 2020 WL 5658723, at *2 (E.D.N.Y. Sept. 23, 2020) (citing cases). Indeed, Dotdash makes nothing more than a generalized argument that discovery should never proceed where there is a possibility that a case can be dismissed or removed from federal court. Nothing in the federal rules or case law supports such a position.

Third, there is no danger that DotDash will be deemed to have waived arbitration by complying with a duly issued discovery order. It has unequivocally moved to compel arbitration and has not litigated "a substantial issues going to the merits." Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc., 754 F.2d 457, 461 (2d Cir. 1985). Compliance with a court order is hardly a waiver.



The Honorable Jesse M. Furman
March 8, 2021
Page 2

We thank Your Honor for the Court's attention to this matter.  Should the Court require any further information or documents, we are happy to provide them.

Respectfully submitted,

Valdi Licul

cc:     Counsel for Defendants (*via* ECF)