**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKELYN KELLER,

    Plaintiff,

  v.

ABOUT, INC. d/b/a DOTDASH,

    Defendant.

Case No:  1:21-cv-00228-JMF

**ORAL ARGUMENT REQUESTED**

<u>**REPLY BRIEF IN SUPPORT OF DOTDASH'S**</u>
<u>**MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION**</u>

Robert T. Quackenboss
Sima Kazmir
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000
rquackenboss@hunton.com
skazmir@hunton.com

Jason P. Brown (*pro hac vice* forthcoming)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, District of Columbia 20037
(202) 955-1500
brownj@hunton.com

*Attorneys for Defendant About, Inc.*
*d/b/a Dotdash*

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF REPLY ........................................................1

II.   ARGUMENT ........................................................................................................2

      A.    The Parties' Agreement Is Not Unconscionable......................................2

            1.    The Agreement Is Not Procedurally Unconscionable .................3

            2.    The Agreement Is Not Substantively Unconscionable ...............5

      B.    The Court May Sever Any Problematic Provision and Otherwise Enforce
            the Arbitration Agreement .....................................................................10

III.  CONCLUSION......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*14 Penn Plaza LLC v. Pyett*,
556 U.S. 247, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009) ..........................................................9

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013)..........................................................................................................8, 9

*Anonymous v. JP Morgan Chase & Co.*,
No. 05 Civ. 2442, 2005 WL 2861589 (S.D.N.Y. Oct. 31, 2005) ..............................................4

*Aviall, Inc. v. Ryder Sys., Inc.*,
913 F. Supp. 826 (S.D.N.Y. 1996) .........................................................................................2

*Badgett v. Fed. Express Corp.*,
378 F. Supp. 2d 613 (M.D.N.C. 2005) ....................................................................................7

*Carr v. Credit One Bank*,
No. 15–cv–6663, 2015 WL 9077314 (S.D.N.Y. Dec. 16, 2015)................................................4

*Cellular Telephone Co. v. 210 E. 86th Street Corp.*,
44 A.D.3d 77, 839 N.Y.S.2d 476 (1st Dep't 2007) ...................................................................2

*Chen-Oster v. Goldman, Sachs & Co.*,
449 F. Supp. 3d 216 (S.D.N.Y. 2020).......................................................................................2

*Corbett v. Firstline Sec., Inc.*,
687 F. Supp. 2d 124 (E.D.N.Y. 2009) .....................................................................................6

*Diana Jewelers of Liverpool, Inc. v. A.D.T. Co., Inc.*,
167 A.D.2d 965 (4th Dep't 1990) ...........................................................................................6

*Fink v. Guardsmark, LLC*,
No. CV 03–1480, 2004 WL 1857114 (D. Or. Aug.19, 2004) .................................................7

*Friedmann v. Raymour Furniture Co.*,
No. CV 12–1307, 2012 WL 4976124 (E.D.N.Y. Oct. 16, 2012) ...........................................6

*Gillman v. Chase Manhattan Bank, N.A.*,
73 N.Y.2d 1 (1988) .........................................................................................................3, 5

*Gold v. Deutsche Aktiengesellschaft*,
365 F.3d 144 (2d Cir. 2004)....................................................................................................2

*Isaacs v. OCE Bus. Servs., Inc.*,
   968 F. Supp. 2d 564 (S.D.N.Y. 2013) ................................................................................9, 10

*Johnson v. DaimlerChrysler Corp.*,
   No. C.A.02–69, 2003 WL 1089394 (D. Del. Mar. 6, 2003) ............................................7

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*,
   473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) .................................................9

*Moton v. Maplebear Inc.*,
   No. 15-cv-8879, 2016 WL 616343 (S.D.N.Y. Feb. 9, 2016) ..............................10

*Moykher v. Mahoney Cohen & Co., P.C.*,
   938 N.Y.S.2d 228 (Sup. Ct. 2011) ............................................................................6

*Nayal v. HIP Network Servs. IPA, Inc.*,
   620 F. Supp. 2d 566 (S.D.N.Y. 2009) ......................................................................5

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016) ....................................................................................2

*Njang v. Whitestone Grp., Inc.*,
   187 F. Supp. 3d 172 (D.D.C. 2016) ........................................................................7

*Order of United Commercial Travelers of Am. v. Wolfe*,
   331 U.S. 586 (1947) ................................................................................................7

*Pagaduan v. Carnival Corp.*,
   709 F. App'x 713 (2d Cir. 2017) ..............................................................................2

*Par Fait Originals v. ADT Sec. Sys/, Ne., Inc.*,
   184 A.D.2d 472 (1st Dep't 1992) ............................................................................6

*Pardue v. Convergys Customer Mgmt. Grp., Inc.*,
   No. 116CV00020, 2016 WL 8739350 (E.D. Tenn. July 25, 2016) ..........................7

*Ragone v. Atl. Video*,
   595 F.3d 115 (2d Cir. 2010)..........................................................................2, 5, 10

*Ravenscraft v. BNP Media, Inc.*,
   No. 09 C 6617, 2010 WL 1541455 (N.D. Ill. Apr. 15, 2010)..............................7, 9

*Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*,
   7 F.3d 1091 (2d Cir. 1993)......................................................................................8

*Spinelli v. Nat'l Football League*,
   903 F.3d 185 (2d Cir. 2018)....................................................................................3

*Sutherland v. Ernst & Young LLP,*
    726 F.3d 290 (2d Cir. 2013)............................................................................8

*Taylor v. W. & S. Life Ins. Co.,*
    966 F.2d 1188 (7th Cir. 1992) ......................................................................7

*Thurman v. DaimlerChrysler, Inc.,*
    397 F.3d 352 (6th Cir. 2004) ........................................................................7

*Timberline Elec. Supply Corp. v. Ins. Co. of N. Am.,*
    72 A.D.2d 905 (4th Dep't 1979), *aff'd,* 52 N.Y.2d 793 (1980)...................5

*U.S. Bank N.A. v. Perlmutter (In re S. Side House, LLC),*
    470 B.R. 659 (Bankr. E.D.N.Y. 2012).........................................................8

*United States Fire Ins. Co. v. General Reins. Corp.,*
    949 F.2d 569 (2d Cir.1991)...........................................................................2

*Valle v. ATM Nat'l, LLC,*
    No. 14-CV-7993, 2015 WL 413449 (S.D.N.Y. Jan. 30, 2015) ..............10

*Van–Go Transport Co., Inc. v. New York City Bd. of Educ.,*
    53 F.Supp.2d 278 (E.D.N.Y.1999) ..............................................................8

*Vega v. Fed. Express Corp.,*
    No. 09 Civ. 07637, 2011 WL 4494751 (S.D.N.Y. Sept. 29, 2011).......5, 6

*Ward v. Ernst & Young U.S. LLP,*
    468 F. Supp. 3d 596 (S.D.N.Y. 2020)........................................................10

*Wechsler v. HSBC Bank USA, N.A.,*
    No. 15-CV-5907, 2016 WL 1688012 (S.D.N. Y Apr. 26, 2016), *aff'd,* 674 F.
    App'x 73 (2d Cir. 2017)................................................................................6

I.      **INTRODUCTION AND SUMMARY OF REPLY**

Plaintiff Jackelyn Keller's Opposition to Defendant Dotdash's Motion to Compel

Arbitration and Stay This Action only underscores that this matter belongs in arbitration—the

forum in which the parties agreed to resolve Plaintiff's disputes related to her employment with

Dotdash.  The following facts remain uncontroverted:

- In their February 17, 2016 arbitration agreement (the "Agreement"), the parties agreed to arbitrate "all claims, disputes or controversies arising out of, concerning, or relating to [Plaintiff's] employment relationship [with Dotdash]" (ECF 11-1 at 2);

- Plaintiff's claims—brought under statutes specifically cited in the Agreement—are subject to arbitration under the Agreement;

- Plaintiff has not alleged that she was subjected to any fraud, duress, coercion, or misrepresentation related to her decision to enter into the Agreement or any of its provisions; and

- Plaintiff was a well-educated and sophisticated party at the time she entered into the Agreement with Dotdash.

Plaintiff's Opposition focuses entirely on the purported unconscionability of two discrete

provisions of the Agreement:  the fee-shifting prohibition and the shortened statute of limitations.

We note at the outset that Dotdash has elected to waive enforcement of (i) the fee-shifting

prohibition (as it had previously offered to do prior to Plaintiff filing her lawsuit) and (ii) the

shortened limitations period for Plaintiff's federal Equal Pay Act ("EPA") claim.

As to the sole remaining issue—the enforceability of the parties' agreement to shorten the

limitations period applicable to Plaintiff's non-EPA claims—this provision of the Agreement

suffers from no defect, procedural or substantive, under the governing law and thus should be

enforced.  But even if the provision were either procedurally or substantively unconscionable (it

is neither), the appropriate remedy would not be—as Plaintiff suggests—to jettison the parties'

Agreement entirely, but rather to excise the provision from the Agreement and then compel this

matter to arbitration.  For these reasons, and for those previously stated in its Motion to Compel

Arbitration, Dotdash respectfully requests that the Court grant the Motion.

## II.   <u>ARGUMENT</u>

### A.   <u>The Parties' Agreement Is Not Unconscionable</u>

The Agreement is a valid, irrevocable, and enforceable agreement between the parties to

arbitrate any disputes arising out of Plaintiff's employment at Dotdash, as all of her claims in this

lawsuit clearly do.  As there are no grounds to revoke the Agreement, it must be enforced.  State

law contract principles govern the validity and enforceability of arbitration agreements.  *See*

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016); *Ragone v. Atl. Video*, 595 F.3d

115, 121 (2d Cir. 2010).  "New York contract law presumes that a written agreement is valid and

that it accurately reflects the intention of the parties, and imposes a heavy burden on the party

seeking to disprove those presumptions."  *Aviall, Inc. v. Ryder Sys., Inc.*, 913 F. Supp. 826, 831

(S.D.N.Y. 1996); *see also Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir.

2004).  Any "[q]uestions concerning the language or construction of an arbitration agreement

'must be addressed with a healthy regard for the federal policy favoring arbitration.'"  *Pagaduan*

*v. Carnival Corp.*, 709 F. App'x 713, 715 (2d Cir. 2017) (citation omitted).  Courts apply the

presumption of contractual validity "with even greater force" where, as here, the parties are

sophisticated.  *Cellular Telephone Co. v. 210 E. 86th Street Corp.*, 44 A.D.3d 77, 83, 839

N.Y.S.2d 476 (1st Dep't 2007) (internal citations omitted); *Chen-Oster v. Goldman, Sachs &*

*Co.*, 449 F. Supp. 3d 216, 230 n.10, 242-43, 264, 274 (S.D.N.Y. 2020) (upholding arbitration

agreement in part because plaintiffs were "highly educated, experienced and sophisticated

professionals").[1]

---

[1] *See also United States Fire Ins. Co. v. General Reins. Corp.*, 949 F.2d 569, 573 (2d Cir.1991) (tracing evolution of *contra proferentum* rule and noting that New York law has become increasingly reluctant to apply rule

Ultimately, the doctrine of unconscionability "seeks to prevent sophisticated parties with grossly unequal bargaining power from taking advantage of less sophisticated parties." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 208 (2d Cir. 2018) (citation omitted).  A contract may be deemed unenforceable on unconscionability grounds "only where it is '***both*** procedurally ***and*** substantively unconscionable when made.'"  *Id*. (citation omitted; emphasis added).

### 1.    The Agreement Is Not Procedurally Unconscionable

Procedural unconscionability concerns the contract formation process itself:

> The procedural element of unconscionability requires an examination of the contract formation process and the alleged lack of meaningful choice.  The focus is on such matters as the size and commercial setting of the transaction . . . , whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power . . . .

*Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10–11 (1988).

None of the *Gillman* factors weigh in Plaintiff's favor.  Plaintiff does not point to any "high-pressured tactics" employed by Dotdash to coerce her signature; she does not claim that she felt compelled to agree to arbitrate disputes because Dotdash had superior bargaining power; and she does not claim that a lack of experience or education prevented her from understanding the Agreement.  To the contrary, at the time the parties entered into the Agreement, Plaintiff was a well-educated, highly-compensated, and, in her words, "highly successful advertising executive" (ECF 16 (Opposition) at 1; *see also* ECF 1 (Complaint) ¶¶ 17–18) who clearly had the capacity to understand the contents of this short and plain Agreement.

Instead of challenging the circumstances under which the parties formed the Agreement, Plaintiff argues that it is procedurally unconscionable because Dotdash purportedly "induce[d]

---

except "as a matter of last resort after all aids to construction have been employed but have failed to resolve the ambiguities in the written instrument," and commenting that rule is generally inappropriate if both parties are sophisticated).

[Plaintiff] into a false sense of security that arbitration will not diminish her rights," and "bur[ied]" the language whereby she gave up certain rights.  ECF 16 at 11–12.  First, nothing in the Arbitration Agreement was "buried."  The Agreement—which is one paragraph long and was presented as a discrete part of a short, two-and-a half-page offer letter—was clearly labeled with a heading in all capital letters and in bold typeface.  ECF 11-1 at 2; *see Carr v. Credit One Bank*, No. 15–cv–6663, 2015 WL 9077314, at \*3 (S.D.N.Y. Dec. 16, 2015) (enforcing arbitration agreement where the "arbitration clause was clear, conspicuous, and preceded by a heading written in all capital letters and bold print"); *Anonymous v. JP Morgan Chase & Co*., No. 05 Civ. 2442, 2005 WL 2861589, at \*6 (S.D.N.Y. Oct. 31, 2005) (same).

Second, as to the allegedly surreptitious diminishment of Plaintiff's rights, Dotdash has already agreed to waive enforcement of two of the provisions to which she objects.  As a result, the JAMS arbitrator "may [still] award whatever remedies would be available to the parties in a court of law" (ECF 11-1 at 2), including fee-shifting.  This satisfies the JAMS Minimum Standards, which merely require that "[a]ll remedies that would be available under the applicable law in a court proceeding" be available for the arbitration.  As for the shortened limitations period for Plaintiff's non-EPA claims, there is nothing procedurally amiss:  as demonstrated below, the statutes underlying Plaintiff's claims allow parties to shorten the applicable limitations period, and the Agreement thus does not contain any operative provision that a Court would not enforce.

In summary, there is no indication that Dotdash "used deception" in obtaining the Agreement or that Plaintiff lacked a meaningful choice when she signed it.  Therefore, the Agreement is not procedurally unconscionable.  The Court's analysis may end here, and it may

order the parties to arbitration for this reason alone.  Yet, in addition to the Arbitration

Agreement not being procedurally unconscionable, it is also not substantively so.

### 2.     The Agreement Is Not Substantively Unconscionable

Substantive unconscionability, unlike procedural unconscionability, "looks to the content

of the contract . . . ."  *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 571

(S.D.N.Y. 2009) (citation omitted).  It "entails an analysis of the substance of the bargain to

determine whether the terms were unreasonably favorable to the party against whom

unconscionability is urged . . . ."  *Gillman*, 73 N.Y.2d at 12.  A substantively unconscionable

contract is one that is '"so grossly unreasonable or unconscionable in the light of the mores and

business practices of the time and place as to be unenforceable according to its literal terms.'"

*Ragone*, 595 F.3d at 121 (citation omitted).  The shortened limitations period prescribed by the

Agreement is clearly enforceable as to each of Plaintiff's non-EPA claims.

### a)     The Shortened Limitations Period Is Enforceable as to Plaintiff's New York State and City Claims

New York law recognizes parties' freedom to "contractually agree to a limitations period

shorter than that prescribed by law within which an action must be brought," if the "contractual

limitations period [is not] against public policy [and is not] obtained through fraud, duress, or

other wrongdoing."  *Vega v. Fed. Express Corp.*, No. 09 Civ. 07637, 2011 WL 4494751, at *6

(S.D.N.Y. Sept. 29, 2011); *see also Timberline Elec. Supply Corp. v. Ins. Co. of N. Am.*, 72

A.D.2d 905, 906 (4th Dep't 1979), *aff'd*, 52 N.Y.2d 793 (1980).  Because Plaintiff has not

alleged that Dotdash obtained the Agreement through fraud, duress, or other wrongdoing, nor

demonstrated that the provision itself is against public policy, the shortened limitations period is

enforceable.

Indeed, courts have consistently held that contractually shortened limitations periods of six months are reasonable under New York law, and may be enforced on *any claim* against a party. *See Wechsler v. HSBC Bank USA*, No. 15-CV-5907, 2016 WL 1688012, at *2 (S.D.N.Y. Apr. 26, 2016), *aff'd*, 674 F. App'x 73 (2d Cir. 2017); *Corbett v. Firstline Sec., Inc.*, 687 F. Supp. 2d 124, 128–29 (E.D.N.Y. 2009); *Par Fait Originals v. ADT Sec. Sys., Ne., Inc.,* 184 A.D.2d 472, 472 (1st Dep't 1992); *Diana Jewelers of Liverpool, Inc. v. A.D.T. Co.,* 167 A.D.2d 965, 965–66 (4th Dep't 1990).  Moreover, courts have upheld contractual six-month limitations periods for the exact types of employment-related claims that are at issue here.  *See Moykher v. Mahoney Cohen & Co.*, 938 N.Y.S.2d 228, 228 (Sup. Ct. Kings Co. 2011); *see also Vega*, 2011 WL 4494751, at *5–6 (enforcing six-month limitations period for New York State Human Rights Law ("NYSHRL") claims); *Friedmann v. Raymour Furniture Co.*, No. CV 12–1307, 2012 WL 4976124, at *2–3 (E.D.N.Y. Oct. 16, 2012) (same).  Courts have also held that parties may shorten the statute of limitations for New York City Human Rights Law ("NYCHRL") claims. *See Moykher*, 938 N.Y.S.2d 228 at *1-3 (rejecting argument that six-month limitations period was unconscionable as applied to plaintiff's NYSHRL and NYCHRL claims).

Therefore, the parties' agreement to shorten the limitations period for Plaintiff's New York State and City claims was entirely proper.

### b)       The Shortened Limitations Period Is Enforceable as to Plaintiff's Federal Claims

The parties' agreement to narrow the limitations period for Plaintiff's federal (non-EPA) claims is also enforceable.  The Supreme Court has stated:

> [I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period . . . .

*Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947).  Therefore, the question is whether any of the relevant federal statutes here—the FMLA, 42 U.S.C. § 1981 ("Section 1981"), and Title VII—restrict the parties' ability to shorten the applicable limitations period.  They do not.

 Federal courts have upheld shortened limitations periods to bar claims under the FMLA, Section 1981, and Title VII.  *See, e.g., Badgett v. Fed. Express Corp.*, 378 F. Supp. 2d 613, 624–25 (M.D.N.C. 2005) (enforcing six-month limitation period for FMLA and Section 1981 claims); *Fink v. Guardsmark, LLC*, No. CV 03–1480, 2004 WL 1857114, at *3–4 (D. Or. Aug. 19, 2004) (finding contractual limitations on bringing FMLA claims valid);[2] *Thurman v. DaimlerChrysler, Inc.,* 397 F.3d 352, 357–59 (6th Cir. 2004) (enforcing six-month limitations period for Section 1981 claim); *Taylor v. W. & S. Life Ins. Co.,* 966 F.2d 1188, 1202–06 (7th Cir. 1992) (same; also noting that "Title VII provides no public policy contrary to the six-month limitation of actions clause" because plaintiff could file suit on other claims and add Title VII claim after receipt of right-to-sue notice or, alternatively, file suit and seek a stay pending resolution of EEOC charge); *Njang v. Whitestone Grp., Inc.*, 187 F. Supp. 3d 172, 177–80 (D.D.C. 2016) (same); *Johnson v. DaimlerChrysler Corp.,* No. C.A.02–69, 2003 WL 1089394, at *2–3 (D. Del. Mar. 6, 2003) (upholding six-month limitations period for Title VII claims); *Ravenscraft v. BNP Media, Inc.*, No. 09 C 6617, 2010 WL 1541455, at *5 (N.D. Ill. Apr. 15, 2010) (same).

 Plaintiff's arguments in opposition are unavailing.  First, Plaintiff argues that she did not effectively waive her right to the statutory limitations periods because the Agreement did not

---

[2] There is contrary authority, though non-binding and from outside the Second Circuit, on the question of whether the FMLA limitations period may be shortened by contract.  *See, e.g., Pardue v. Convergys Customer Mgmt. Grp., Inc.*, No. 116CV00020, 2016 WL 8739350, at *2 (E.D. Tenn. July 25, 2016) (collecting cases).

"specifically refer to such federal claims, and clearly express the intent to limit the period in which a party could bring an action based upon federal claims." *Van–Go Transport Co. v. New York City Bd. of Educ.,* 53 F. Supp. 2d 278, 284 (E.D.N.Y.1999).  Not so, as Dotdash **did** specifically refer to the relevant federal statutes and then clearly express the intent to limit their limitations periods.  The Agreement explicitly states that it applies to "claims arising under the Fair Labor Standards Acts, [Title VII], . . . [and] any other federal . . . discrimination laws . . . ." ECF 11-1 at 2.  Then, just three sentences (four lines) later, the Agreement states that Plaintiff "further agree[s] that *any* claim, controversy or dispute must be submitted or raised within six (6) months of the time when the event or occurrence giving rise to the dispute arose or will be waived." *Id*. (emphasis added).  It is difficult to fathom how this could not constitute clear notice that FLSA, Title VII, and any other federal claims (including under Section 1981) would be subject to a shortened limitations period.  *See U.S. Bank N.A. v. Perlmutter*, 470 B.R. 659, 672 (Bankr. E.D.N.Y. 2012) ("'It is an elementary rule of contract construction that clauses of a contract should be read together in order to give them meaning . . . .'") (citation omitted); *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993) (stating that "[b]y examining the entire contract, we safeguard against adopting an interpretation that would render any individual provision superfluous").

Second, Plaintiff's "effective vindication" doctrine argument is unavailing.  Federal courts have developed a "'judge-made' exception to the [Federal Arbitration Act's mandate,] which 'allow[s] courts to invalidate agreements that prevent the "effective vindication" of a federal statutory right.'"  *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 298 (2d Cir. 2013) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013)).  The Supreme Court clarified in *Italian Colors* that the effective vindication exception applies only where an

8

agreement operates as a "prospective waiver of a party's *right to pursue* statutory remedies." 570 U.S. at 235.  In *Ravenscraft v. BNP Media, Inc.*, a provision in the plaintiff's employment application required her to "commence any action or other legal proceeding" regarding her employment within six months.  2010 WL 1541455, at *1.  The district court enforced the shortened limitations period as to the employee's Title VII claim because she could have filed an administrative charge with the EEOC within that period and thus was not foreclosed from "effective vindication" of her statutory rights.  *Id.* at *5.  Similarly here, the Arbitration Agreement only required that Plaintiff "submit[] or raise[] [her claims] within six (6) months" (ECF 11-1 at 2), which she could do by filing an EEOC charge.  Therefore, the shortened limitations period does not run afoul of the "effective vindication" doctrine.

Third, Plaintiff's remaining argument—that the Agreement is unconscionably one-sided because, if Dotdash asserted claims against Keller, it would potentially retain the benefit of longer limitations periods—is entirely speculative.  Arbitration agreements cannot not be invalidated "on the basis of speculation."  *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 637 n. 19 (1985); *see 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 273 (2009). Also, an agreement is substantively unconscionable only if "it is so grossly unreasonable as to be unenforceable according to its literal terms and those contract terms are *unreasonably favorable* to the party seeking to enforce the contract."  *Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 569 (S.D.N.Y. 2013) (emphasis added).  Here, the Agreement is not "unreasonably favorable" to Dotdash—it applies its terms to both parties, and Dotdash agreed to bear the costs of the arbitration (ECF 11-1 at 2).  Any hypothetical imbalance in the application of shortened limitations periods cannot rise to the level of gross unreasonableness.

**B.**   **The Court May Sever Any Problematic Provision and Otherwise Enforce the Arbitration Agreement**

Courts may sever contract provisions they deem unenforceable regardless of whether the contract contains an express severability or savings clause, and that is the better practice in the context of arbitration, a method of dispute resolution is expressly favored as a matter of federal policy.  *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621, 200 L. Ed. 2d 889 (2018).  Thus, the Second Circuit has instructed that "'the appropriate remedy' when a court is faced with a plainly unconscionable provision of an arbitration agreement . . . 'is to sever the improper provision of the arbitration agreement, rather than void the entire agreement.'"  *Ragone*, 595 F.3d at 124–25 (citation omitted); *see also Castellanos*, 291 F. Supp. 3d at 301–02 (severing limitations period held unenforceable under "effective vindication" doctrine from remainder of arbitration agreement); *Ward v. Ernst & Young U.S. LLP*, 468 F. Supp. 3d 596, 607 (S.D.N.Y. 2020) (same); *Valle v. ATM Nat'l, LLC*, No. 14-CV-7993, 2015 WL 413449, at *1–2, *7 (S.D.N.Y. Jan. 30, 2015) (holding "loser pays" provision in arbitration agreement unenforceable, severing provision, and compelling matter to arbitration, absent severability clause); *Moton v. Maplebear Inc.*, No. 15-cv-8879, 2016 WL 616343, at *2–3, *7 (S.D.N.Y. Feb. 9, 2016) (severing fee-splitting and forum-selection provisions from arbitration agreement and compelling matter to arbitration absent severability clause).  Therefore, should the Court find any provision in the Agreement to be unconscionable, it should sever that provision from the Agreement and order the parties to arbitration under the remaining provisions of the Agreement.

**III.**   **CONCLUSION**

Dotdash respectfully requests that the Court grant Dotdash's Motion to Compel Arbitration and Stay this Action in its entirety.

Dated:  March 9, 2021                    Respectfully Submitted,

                                         HUNTON ANDREWS KURTH LLP

                                         By: */s/ Robert T. Quackenboss*
                                         Robert T. Quackenboss
                                         Sima Kazmir
                                         200 Park Avenue
                                         New York, New York 10166
                                         (212) 309-1000
                                         rquackenboss@hunton.com
                                         skazmir@hunton.com

                                         Jason P. Brown (*pro hac vice* forthcoming)
                                         2200 Pennsylvania Avenue, NW
                                         Washington, District of Columbia 20037
                                         (202) 955-1500
                                         brownj@hunton.com

                                         *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 9, 2021 I filed a true and correct copy of the foregoing

document via the Court's electronic-filing system, which will send electronic notification of such

filing to all counsel-of-record in this action.

<div align="center" style="margin-left:auto">

*/s/ Robert T. Quackenboss*
Robert T. Quackenboss
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000
rquackenboss@hunton.com

</div>